**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| JOHN RANDALL FUTCH, | : | **Hon. Noel L. Hillman** |
|  | : |  |
| Petitioner, | : | Civil No. 09-0778 (NLH) |
| v. | : |  |
|  | : |  |
| J. GRONDOLSKY, | : | **OPINION** |
|  | : |  |
| Respondent. | : |  |

**APPEARANCES:**

    JOHN RANDALL FUTCH, #08700-021, Pro Se
    F.C.I. Fort Dix
    P.O. Box 2000
    Fort Dix, New Jersey  08640

**HILLMAN, District Judge**

Petitioner, John Randall Futch, a prisoner at FCI Fort Dix in New Jersey, seeks a Writ of Mandamus pursuant to 28 U.S.C. § 1361 to compel the Warden of the facility to follow the procedures of the Administrative Remedy Program of the Bureau of Prisons and conduct a rehearing pursuant to the decision issued by D. Scott Dodrill, Regional Director, on January 21, 2009.

Specifically, Petitioner asserts that on August 7, 2008, staff at FCI Fort Dix issued an Incident Report charging Petitioner with refusing to accept a program assignment (code 306).  On October 22, 2008, the Disciplinary Hearing Officer found that Petitioner had committed the disciplinary charge and sanctioned him with 21 days in disciplinary segregation, loss of

commissary, phone and visitation privileges, and loss of 13 days of good conduct time.  Petitioner appealed to the Regional Director.  On January 21, 2009, D. Scott Dodrill remanded the disciplinary action "for further clarification and rehearing, if necessary."  (Response, dated Jan. 21, 2009) (Docket entry #1, p. 9.)  Petitioner asserts that "the Warden and the staff fail to give this Petitioner in accordance to exercise his due process under the Administrative Remedy Program for a timely rehearing."  (Pet. pp. 2-3.)  Petitioner seeks an order directing the Warden and staff to follow the Administrative Remedy Program.

   Because the true nature of the pleading is a civil rights action under Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971), the requirements of the Prison Litigation Reform Act apply to Petitioner's application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  See Madden v. Myers, 102 F. 3d 74, 78 (3d Cir. 1996).[1]  The PLRA prohibits a prisoner from bringing a civil action under § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action . . .

---

[1] Although the PLRA does not apply to a bona fide mandamus petition, Madden v. Myers, 102 F.3d 74, 78 (3d Cir. 1996), or a bona fide habeas corpus petition, Santana v. United States, 98 F.3d 752 (3d Cir. 1996), the PLRA applies when a prisoner brings any civil action in forma pauperis, Santana, 98 F.3d at 754; 28 U.S.C. § 1915(b)(1).  In determining the applicability of the PLRA, a district court is required to consider the true nature of the document, rather than the label attached by the prisoner. Madden, 102 F.3d at 78-9.

that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."  28 U.S.C. § 1915(g).  Petitioner has had three prior qualifying dismissals under § 1915(g).  See Futch v. Wheeler, Civil No. 07-1163 (HAB) order (C.D. Ill. Oct. 22, 2007); Futch v. Finnerty, Civil No. 05-2529 (HFF) judgment (D. S.C. Nov. 8, 2005); Futch v. Davis, Civil No. 05-2589 (HFF) judgment (D. S.C. Oct. 26, 2005).  Because the allegations set forth in Petitioner's pleading do not insinuate that he is under imminent danger of serious physical injury, this Court will deny his application to proceed in forma pauperis, without prejudice to the filing of the matter as a prepaid civil complaint if Petitioner pays the $350.00 filing fee within 30 days.[2]

Alternatively, to the extent that the true nature of Petitioner's pleading is a mandamus action under 28 U.S.C. § 1361, then the petition will be dismissed because it is clear that no writ of mandamus could properly issue in this case. Section 1361 provides that "[t]he district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff."  28 U.S.C. §

---

[2] In that case, this Court will reopen the case and screen the complaint for dismissal, as required by 28 U.S.C. § 1915A.

1361.  "The common-law writ of mandamus, as codified in 28 U.S.C. § 1361, is intended to provide a remedy for a plaintiff only if he has exhausted all other avenues of relief and only if the defendant owes him a clear nondiscretionary duty."  Heckler v. Ringer, 466 U.S. 602, 616 (1984).  See also Pittston Coal Group v. Sebben, 488 U.S. 105, 121 (1988) ("The extraordinary remedy of mandamus under 28 U.S.C. § 1361 will issue only to compel the performance of a clear nondiscretionary duty") (citation and internal quotation marks omitted).

Here, Petitioner has not shown that Warden Grondolsky has a clear nondiscretionary duty to perform the requested act, i.e., conduct a disciplinary rehearing.  The Regional Director did not order staff at FCI Fort Dix to conduct a disciplinary rehearing; rather the Regional Director remanded the matter for further clarification and rehearing, if necessary.  Moreover, even if the remand can be construed as directing staff to take further action, the remand order does not set forth a time limit for taking such action.

Nor has Petitioner shown that he has no adequate remedy other than mandamus.  Clearly, Petitioner could file an administrative remedy request regarding the alleged failure to take action in accordance with the Regional Director's remand.[3]

---

[3] The Administrative Remedy Program is a three-tier process available to inmates confined in institutions operated by the BOP who "seek formal review of an issue relating to any aspect of

Because Petitioner has not shown that he has no other remedy, he is not entitled to mandamus relief under § 1361.  See Lauersen v. Durling, 187 Fed. Appx. 250 (3d Cir. 2006) (mandamus petitioner who has not appealed decision of Immigration Judge to Board of Immigration Appeals is not entitled to mandamus relief because he failed to exhaust all other avenues of relief).

To summarize, to the extent that Petitioner's pleading is a civil rights action rather than a bona fide mandamus petition, this Court will deny his application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(g).  To the extent that Petitioner may pursue his claim under 28 U.S.C. § 1361, his application to proceed in forma pauperis will be granted and the Petition will be dismissed because Petitioner is not entitled to mandamus relief.

                                        s/Noel L. Hillman
                                        **HON. NOEL L. HILLMAN, U.S.D.J.**

Dated:    February 27 , 2009

At Camden, New Jersey

---

his/her confinement."  28 C.F.R. § 542.10(a).